John H. Leveridge

*v.*

Charles Marsh and others..

After a bill to foreclose a mortgage has been filed, subsequent encum-
brancers may be made parties by filing a petition, instead of a supple-
mental bill.

Bill to foreclose.   Petition of Oscar Marsh and others to
be made parties.

*Mr. W. P. Wilson* and *Mr. W. H. Corbin*, for petitioners.

*Mr. E. B. Williamson*, for complainant.

THE CHANCELLOR.

The right of the petitioners to be made parties defendant to this suit, is admitted. The only question is as to the practice. The complainant's counsel insists that the application must be made by supplemental bill. The chancery act (*Rev.* p. 110, § 41) provides that where any person acquires an interest in the subject matter of the suit *pendente lite*, it shall not be necessary for him to file a supplemental bill to make himself a party, but it shall be done by petition. The same act (*Rev.* p. 118, § 78) provides that any person having an interest in mortgaged premises or property by or through any conveyance, mortgage, assignment or lien, or any instrument which, by any provision of law, could be recorded, registered, entered or filed in any public office of this state, but which shall not be so recorded, registered, entered or filed when suit for foreclosure of mortgage on the premises is commenced, may, on causing such conveyance, mortgage, assignment, lien, claim or other instrument to be recorded, registered, entered or filed as provided by law, cause himself to be made a party to the suit by petition. It has been held that a person who obtained an interest in the mortgaged premises by deed after the beginning of the suit, but could not cause the deed to be recorded because it was withheld from him, was entitled to the benefit of this latter section. *Kirkland's adm'r* v. *Kirkland*, 11 *C. E. Gr.* 276. In *Conrad* v. *Mullison*, 9 *C. E. Gr.* 65, a mortgagor was made a party on his petition to enable him to set up a claim of subrogation. See, also, *Melick* v. *Melick's ex'r*, 2 *C. E. Gr.* 156. The practice of applying to be made a party defendant by petition instead of by supplemental bill, is specially authorized by the statute in certain cases, and it has, in the practice of the court, been recognized in others. There is no reason why it should not be allowed in the case in hand. It has

the advantage of being more economical, convenient and speedy, while it is equally efficacious. The petitioners are necessary parties, being subsequent encumbrancers. *Vandeveer* v. *Holcomb*, 2 *C. E. Gr.* 87; *Gould* v. *Wheeler*, 1 *Stew.* 541. As such they should be made parties, and their mode of application by petition is unobjectionable.